# In the United States District Court
# for the
# Western District of Texas

| United States of America | § | |
| | § | |
| v. | § | SA-09-CR-270 |
| | § | |
| Patrick Daniel McLean | § | |

## Order

On this day came on to be heard Defendant's motion to withdraw guilty plea (docket nos. 32 and 33), motion for relief from discovery violations (docket no. 34), and motion to exclude prejudicial and irrelevant sentencing information (docket no. 35).

## Background

On February 4, 2009, a complaint was filed against the Defendant alleging that he knowingly received child pornography that had been mailed, shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(2).

On April 1, 2009, Defendant signed a plea agreement wherein he agreed to plea guilty to a one count Information charging him with receipt of child pornography. In the factual basis of the plea agreement Defendant admitted that on February 4, 2009, a search warrant was executed at his home, numerous computers and digital devices were located there, that numerous images and

videos depicted children engaging in sexually explicit conduct, and that he was solely responsible for "everything located on his computer."

Pursuant to the plea agreement, an Information was filed on April 3, 2009, charging Defendant with violating 18 U.S.C. § 2252(a)(2).

On April 9, 2009, Defendant appeared before a United States Magistrate Judge and pled guilty. On this same date, Defendant also signed a waiver of indictment. On April 13, this district judge accepted the Magistrate Judge's Recommendation that Defendant's guilty plea be accepted. The Court set a sentencing hearing for July 10.

On June 3, the Defendant moved for a continuation of the sentencing hearing and that request was granted. Thereafter, on August 3, the Government requested a continuance and that motion was granted.

On August 27, the Defendant moved for a substitution of attorney. That motion was granted, and the sentencing hearing was continued to November 13.

On November 2 (approximately seven months after pleading guilty), Defendant again requested a continuance of the sentencing hearing alleging that the Government had not supplied new counsel with various documents. The Court denied the motion noting that given the guilty plea it was uncertain why any documents regarding the search warrant were relevant to any sentencing issues.

On November 9, Defendant filed a notice of intent to file a motion to withdraw his guilty plea. In summary, Defendant argues that he was not provided all potentially legal exculpatory evidence and accordingly his plea was

2

not knowingly and voluntarily entered into. In specific, Defendant argues that had he been provided copies of the national security letters used in obtaining Defendant's Time Warner cable records, he would have thereafter filed a motion to suppress arguing that such administrative summons in the use of domestic criminal investigations are unconstitutional.

## Defendant's Motion to Withdraw Guilty Plea

### A.   Generally

Following this court's acceptance of his guilty plea, Defendant does not have an absolute right to withdraw that plea. *See United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007). The court may allow withdrawal if the Defendant shows that his request was supported by a fair and just reason. *See* Fed. R. Crim. P. 11(d)(2). This court has broad discretion in determining whether to permit a defendant to withdraw his guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). A number of illustrative factors are considered in determining whether a fair and just reason has been shown.[1]

### B.   Law as applied to Defendant's case

In this case, a U.S. Immigration and Customs Enforcement agent was engaged in an undercover operation to identify persons using the Gnutella

---

[1] (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion. *See U.S. v. Sims*, 340 Fed. Appx. 959, 962 (5th Cir. 2009).

network, a peer-to-peer software program. Individuals were suspected of using this network to traffic in child pornography. On August 12, 2008, an ICE agent identified a file containing possible child pornography. The ICE agent determined that the IP address for the computer where the file was located was registered to Time Warner/Road Runner. On August 13, the ICE agent opened the file and determined that a MPEG video depicted two prepubescent children engaged in sexual acts.

On August 13, a summons was prepared and served on Time Warner/Road Runner requesting subscriber information for the IP address.[2] Time Warner/Road Runner identified the subscriber as the Defendant. Thereafter a search warrant was obtained to search the Defendant's home.

Defendant argues that it was unconstitutional for the Government to issue an administrative subpoena to Time Warner. The Court disagrees. Use of such subpoenas have been noted in numerous circuit court cases. *See U.S. v. Bobb*, 577 F.3d 1366 (11th Cir. 2009); *U.S. v. Sloan*, 307 Fed. Appx. 88 (9th Cir. 2009); *U.S. v. Craighead*, 539 F.3d 1073 (9th Cir. 2008); *U.S. v. Cartier*, 543 F.3d 442 (8th Cir. 2008); *Bednarski v. U.S.*, 481 F.3d 530 (7th Cir. 2007); *U.S. v. Beach*, 275 Fed. Appx. 529 (6th Cir. 2008); *U.S. v. LaFortune*, 520 F.3d 50 (1st Cir. 2008).

Defendant's constitutional and statutory arguments have been advanced

---

[2] A copy of two summons issued in this matter are attached to the Government's supplemental response filed on January 15, 2010 (docket no. 42). One summons was issued on May 18, 2007. A second was issued on August 13, 2008, seeking the subscriber identity for a certain IP address. Both summons were issued pursuant to 19 U.S.C. § 1509.

4

in other cases and rejected. *See U.S. v. Cray*, --- F.Supp.2d ----, 2009 WL 4059071 (S.D. Ga. Nov. 20, 2009)(rejecting argument that customs summonses may only be used for administrative purposes related to trade; rejecting arguments under the Right to Financial Privacy Act, 12 U.S.C. § 3402; and rejecting arguments under the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2701); *U.S. v. Hart*, 2009 WL 2552347 (W.D. Ky. Aug. 17, 2009)(rejecting arguments under the Stored Communications Act, 18 U.S.C. § 2701); *U.S. v. Fazio*, 2006 WL 1307614 (E.D. Mo. May 9, 2006) (same).

19 U.S.C. § 1509(a) states:

> In any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service, the Secretary (but no delegate of the Secretary below the rank of district director or special agent in charge) may--
> (1) examine, or cause to be examined, upon reasonable notice, any record (which for purposes of this section, includes, but is not limited to, any statement, declaration, document, or electronically generated or machine readable data) described in the notice with reasonable specificity, which may be relevant to such investigation or inquiry....

The United States Customs Service is charged with insuring compliance with child exploitation laws. Accordingly, 19 U.S.C. § 1509(a) authorizes the Customs Service to issue these administrative summons. In accordance with this statute, a Special Agent in Charge issued the summons.

Even assuming arguendo that Defendant would have earlier filed a motion

5

to suppress, it is unlikely that such a motion would have been successful. Even if the Court had determined that ICE agents had improperly relied on an administrative subpoena, the evidence discovered as a result of the execution of the search warrant would be admissible under the "good-faith" exception to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897 (1984).

Applying the various factors in determining whether a fair and just reason has been shown to warrant a withdrawal of the plea, the Court finds that the defendant is not asserting his actual innocence; there was an unreasonable delay in the filing of the withdrawal motion; the Defendant's original counsel was extremely competent; the withdrawal would waste judicial resources and prosecutor resources inasmuch as it would require the court to entertain a motion to suppress that lacks legal merit or would be denied under *Leon*; and the original plea was knowing and voluntary.

Defendant's motions to withdraw guilty plea (docket nos. 32 and 33) are denied.

**Defendant's Motion for Relief from Discovery Violations**

Defendant argues that he was not timely provided the administrative summons and related documents until November 2, 2009. Defendant seeks exclusion of these documents or alternatively a continuance of the sentencing hearing. A continuance of the sentencing hearing was granted. Accordingly, this motion is now moot.

Defendant's motion for relief from discovery violations (docket no. 34) is denied as moot.

6

**Defendant's Motion to Exclude Prejudicial
and Irrelevant Sentencing Information**

Defendant seeks to strike from the exhibits to the PreSentence Investigation Report a reference to a video journal entry wherein the Defendant allegedly states what sexual acts he would like to see done to kindergarten and four-year-old children. The Defendant characterizes this as a mere fantasy. Defendant objects that this material cannot constitute relevant conduct and is merely prejudicial. The Court overrules these objections. *See U.S. v. Moore*, 328 Fed. Appx. 308 (5th Cir. 2009); U.S. v. Reedy, 304 F.3d 358, 370 (5th Cir. 2002) ("Relevant conduct for which a defendant was not charged or convicted may be considered in determining the guideline range.... According to U.S.S.G. § 1B1.3(a)(2), relevant conduct may be based on 'all acts and omissions ... that were part of the same course of conduct or common scheme or plan as to the offense of conviction.'").

Defendant motion to exclude (docket no. 35) is denied.

It is so ORDERED.

SIGNED this 25 day of January, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE